# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**JAMOL ANFIELD**,

    Plaintiff,

v.

**MARTY ALLEN, Warden, et al.**,

    Defendants.

Civil Action No. 7:15-CV-94 (HL)

## ORDER

On June 4, 2015, Plaintiff Jamol Anfield, a state prisoner who at that time was confined at Valdosta State Prison ("VSP"), filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). In his complaint, Plaintiff alleged generally that upon transfer to VSP on May 26, 2015, Defendant Warden Marty Allen immediately placed Plaintiff in the "Tier II" segregated housing unit. According to Plaintiff, he was not provided prior notice for the reason for this placement, and Defendants Carter, Foster, and Steele failed to provide a classification hearing, thereby violating Plaintiff's right to due process. The Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and concluded that Plaintiff failed to state a due process claim. (Doc. 5). Plaintiff's complaint was thereafter dismissed without prejudice.

Presently pending before the Court is Plaintiff's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 9). Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under Rule 60(b) "'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)). A motion filed pursuant to this section "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Johnson v. American Sec. Ins. Co., 392 Fed.App'x 838, 841 (11th Cir. 2010).

Plaintiff here has not produced evidence of exceptional circumstances or an error of law warranting the relief requested. Plaintiff substantively attempts to relitigate issues previously adjudicated by the Court without providing a

foundation for why the Court's initial decision was erroneous. His motion is, accordingly, denied.

      **SO ORDERED**, this 3rd day of November, 2015.

                                      *s/ Hugh Lawson*
                                      **HUGH LAWSON, SENIOR JUDGE**

aks